# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-2428/2615

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Larry J. Young, | * | |
| | * | [PUBLISHED] |
| Appellant, | * | |
| | * | |
| Huey Long Company, Inc., | * | |
| | * | |
| Garnishee. | * | |

_____

Submitted: July 7, 2009
Filed: January 29, 2010

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Larry J. Young challenges the district court's[1] denial of his motion for contempt and its order of garnishment.

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

In September 1990, Young was ordered to pay restitution to the United States as a condition of supervised release, after he was found guilty of filing false tax claims. Young was discharged from supervised release in November 1993 and the criminal case terminated. In January 2008, the government applied for a writ of continuing garnishment, naming Young's employer as garnishee. Young moved to quash the proceeding and later to dismiss, asserting the government was "mixing civil and criminal jurisdictions." The district court denied the motions, ruling the government could initiate collection proceedings to collect a fine or restitution as part of a criminal sentence.

Young then moved to hold the government in contempt, claiming it had filed a false lien notice in the county recorder's office, and had violated a court order by initiating the garnishment proceeding despite his discharge from supervised release. The court denied the motion because Young's obligation to pay restitution did not terminate when his supervised release ended. *See United States v. Rostoff*, 164 F.3d 63, 66 (1st Cir. 1999) (failure to pay at the time due renders payment overdue; it does not abate the obligation; restitution order extinguished by satisfaction, not by passage of time). Young appeals the district court's denial of his contempt motion and seeks to proceed in forma pauperis in appeal No. 08-2428. We dismiss this appeal as premature because Young filed his notice of appeal before final judgment was entered, and the merits of the appeal are before this court in appeal No. 08-2615.

This court concludes the district court did not err in ordering garnishment or denying in forma pauperis status. *See In re: Southwestern Glass Co., Inc.*, 332 F.3d 513, 516 (8th Cir. 2003) (conclusions of law are reviewed de novo). The judgment is affirmed. *See* 8th Cir. R. 47B.

_____

-2-